# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| **ERASMO HERRERA; MIGUEL PEREZ; Individually and on behalf of all others similarly situated** § § § § | |
| *Plaintiffs,* § § | **CIVIL ACTION NO. _____** |
| **v.** § § | |
| **ELATINFOOD, LLC, dba ZAGUAN WORLD BAKERY AND CAFE; ELATINFOOD CAFE, LLC; ELATINFOOD BEVERAGE, INC; and CARLOS BRANGER,** § § § § § § | |
| *Defendants.* § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

   Plaintiffs bring this action for unpaid wages pursuant to the federal Fair Labor Standards Act (FLSA). Plaintiffs also bring this action as a collective action under the FLSA on behalf of a class of other similarly situated workers formerly and currently employed by the Defendants (the "FLSA Class"). Plaintiffs and the FLSA Class often worked in excess of 40 hours per week and were not paid time and a half for each hour worked over 40 per week as required by the FLSA; instead they were paid their regular hourly rate for all hours worked, including those overtime hours. The Plaintiffs and class members seek to recover their unpaid overtime pay, plus liquidated damages, interest, costs, and attorney fees as provided by law. Plaintiffs and class members respectfully show this Court as follows:

## THE PARTIES

1. Plaintiffs Erasmo Herrera and Miguel Perez are individuals residing in Dallas County, Texas. Plaintiffs have consented to the filing of this action for violations of the Fair Labor Standards Act, as evidenced by the documents attached to this Complaint as Exhibits A and B.

2. Defendant ELatinFood, LLC, dba as Zaguan World Cafe and Bakery, is a limited liability company formed and existing under the laws of the State of Texas and doing business in Dallas County, Texas. ELatinFood, LLC, may be served with process by serving its registered agent, Carlos Branger, at 2604 Oak Lawn Ave., Dallas, Texas 75219.

3. Defendant ELatinFood Cafe, LLC, is a limited liability company formed and existing under the laws of the State of Texas and doing business in Dallas County, Texas. ELatinFood Cafe, LLC may be served with process by serving its registered agent, Carlos Branger, at 2604 Oak Lawn Ave., Dallas, Texas 75219.

4. Defendant ELatinFood Beverage, Inc., is a corporation formed and existing under the laws of the State of Texas and doing business in Dallas, County, Texas. ELatinFood Beverage, Inc., may be served with process by serving its registered agent, Carlos Branger, at 2604 Oak Lawn Ave., Dallas, Texas 75219.

5. Defendant Carlos Branger is an individual and may be served with process at his residence located at 1204 St. Regis Drive, Irving, Texas 75038.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the Plaintiffs' claims pursuant to the following:

   a. 28 U.S.C. §1331 (Federal Question);

   b. 28 U.S.C. § 1337 (Interstate Commerce);

   c. 29 U.S.C. § 216(b) (FLSA).

7. This Court has personal jurisdiction over the Defendants because most or all of the actions giving rise to this claim occurred in this forum.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b).

## FACTS

9. Defendant Carlos Branger is the Director, Partner, and Registered Agent of ELatinFood, LLC, Partner and Registered Agent of, ELatinFood Cafe, LLC, and the Director, President, and Registered Agent of ELatinFood Beverage, Inc.

10. Throughout the relevant period of this lawsuit, Defendants have owned and operated two restaurants, one known as Zaguan Latin Cafe and Bakery and/or Zaguan World Cafe and Bakery located at 2604 Oak Lawn Avenue, Dallas, Texas 75219 ("Zaguan Latin Cafe and Bakery"); and the other known as Zaguan Express Latin Cafe and Bakery located at 325 North St. Paul St., Ste. C1, Dallas, Texas 75201 ("Zaguan Express Latin Cafe and Bakery").

11. Defendants Elatinfood, LLC, Elatinfood Cafe, LLC, and Elatinfood Bevarage, Inc., while nominally separate companies, are so interrelated and their operations so integrated that they constitute a single employer or joint employers of the Plaintiffs, as well as an enterprise within the meaning of 29 U.S.C. 203(r). Facts demonstrating this relationship include but are not limited to:

   a. Defendant entities have overlapping ownership by the individual Defendant;
   b. Defendant entities have overlapping and shared business addresses;
   c. Defendant entities jointly market themselves based on their integrated business operation;
   d. Defendant entities share of supplies relating to the operation of the two restaurants;
   e. Defendant entities have joint branding and collective advertising practices.

12. At all times relevant to this lawsuit, Defendants have been an enterprise engaged in

commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done in excess of $500,000, exclusive of excise taxes at the retail level which are separately stated.

13. Throughout the entire relevant period of this lawsuit, Defendant Carlos Branger has had the power vis-a-vis Defendants' employees, to establish company pay practices, to modify employment conditions, and to hire and fire employees at Zaguan Latin Cafe and Bakery and Zaguan Express Latin Cafe and Bakery.

14. At all times relevant to this action and as a matter of economic reality, the Plaintiffs and class members have been jointly employed by each of the Defendants.

15. From approximately 2005 through December, 2015, Plaintiff Erasmo Herrera was employed by Defendants as a food preparer and line cook at Defendants' Zaguan Latin Bakery and Cafe establishment located at 2604 Oak Lawn Avenue, Dallas, Texas 75219.

16. From approximately April, 2011 through June, 2014, Plaintiff Miguel Perez was employed by Defendants as a food preparer and line cook at Defendants' Zaguan Latin Bakery and Cafe establishment located at 2604 Oak Lawn Avenue, Dallas, Texas 75219.

17. At all times relevant to this action, Plaintiffs and class members have routinely worked well over forty hours per week for the Defendants.

18. Throughout the relevant period of this lawsuit, the Defendants have routinely failed to pay the Plaintiffs and class members one and one-half times their regular rate of pay as overtime

compensation for all hours worked in excess of 40 hours during each workweek as required by 29 U.S.C. § 207, and instead paid them their regular hourly rate for overtime hours worked.

19. Defendants did this by failing to report all of Plaintiffs' hours on Plaintiffs' pay statements, instead paying only a portion of Plaintiffs' overtime hours so that they received, on average, only their regular rate for all of their hours worked, including the hours over 40 in each workweek.

20. At all times relevant to this action, the Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation due to the Plaintiffs and class members.

## CLASS ALLEGATIONS

21. Defendants have employed other individuals at both of their restaurant locations in Dallas, Texas. Plaintiffs are aware that Defendants engaged in the same pattern and practice of failing to pay the overtime compensation as required by the FLSA to these other employees. Accordingly, the other employees that worked at Defendants' restaurants were also subjected to Defendants' unlawful practices and are similarly situated to the Plaintiffs in terms of job duties and pay provisions.

22. Defendants' failure to pay the overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the members of the FLSA Class. Thus, Plaintiffs' shared experience is typical of the experience of members of the FLSA Class Members.

23. All members of the FLSA Class, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for all hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

24. As a collective action, Plaintiffs seek this Court's appointment and/or designation as representatives of a group of similarly situated individuals as defined herein.

## CLAIMS FOR RELIEF

25. At all times relevant herein, Defendants were the employers of the Plaintiffs and class members, within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and the Defendants were subject to the requirements of that Act. During the Plaintiffs' and class members' employment, Defendants failed to pay the Plaintiffs and class members the required overtime compensation for all hours they worked in excess of 40 hours per week, in accordance with the Fair Labor Standards Act. The above-described actions of the Defendants violated the Plaintiffs' and class members' rights under the Fair Labor Standards Act, for which they are entitled to relief pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and class members pray that this Court:

a. Designate this action as a collective action on behalf of the class of similarly situated workers, order issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated workers apprising them of the pendency of this action and of their right to join this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

b. Designate Plaintiffs as representatives of the class;

c. Award Plaintiffs and class members their unpaid overtime compensation, and an equal amount of liquidated damages;

d. Award Plaintiffs their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

e. Award Plaintiffs pre-judgment and post-judgment interest, as provided by law; and

  f. Award such other and further relief as this Court deems just and proper.

         Respectfully submitted,

    By: /s/ Gonzalo Serrano
      Gonzalo Serrano
      Texas State Bar No. 24093194
      gserrano@equaljusticecenter.org

      Michael O'Keefe Cowles
      State Bar No. 24082865
      mcowles@equaljusticecenter.org

      Christopher Willett
      State Bar No. 24061895
      cwillett@equaljusticecenter.org

      **EQUAL JUSTICE CENTER**
      1801 N. Lamar, Suite 325
      Dallas, Texas 75202
      (469) 500-7088
      (469) 629-5045 (FAX)

      Counsel for Plaintiffs