IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERASMO HERRERA, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-01370-N |
| | § | |
| ELATINFOOD LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

This Order addresses Plaintiffs Erasmo Herrera and Miguel Perez's motion for notice and conditional certification [14]. Because the Plaintiffs satisfy the requirement of the lenient first step of the two-step *Lusardi* conditional certification process,[1] the Court grants Plaintiffs' motion and conditionally certifies the class as defined below.

**I. ORIGINS OF THE PLAINTIFFS' OPT-IN CLASS ACTION**

This case arises from the Plaintiffs' employment at Defendants ELatinFood, LLC (d/b/a Zaguan World Cafe and Bakery), ELatinFood Cafe, LLC, ELatinFood Beverage, Inc., and Carlos Branger's restaurants, Zaguan World Cafe and Bakery and Zaguan Express Latin Cafe and Bakery. *See* Pls.' Compl. ¶10 [1]. Plaintiffs and putative Class Members are Defendants' current and former employees, who worked as food preparers and line cooks, bread and pastry makers, and dishwashers from October 16, 2013 until November 18, 2016. *See* Pls.' Unopposed Mot. for Notice to Potential Pls. ("Mot. for Notice") 2 [14]. Plaintiffs

---

[1]*Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).

claim they and others similarly situated were routinely underpaid for overtime as a result of policies instituted by Defendants. *See* Pls.' Compl. ¶¶17–20. According to Plaintiffs, Defendants did not properly compensate class members for hours worked in excess of 40 hours a week. *Id.* at ¶21. Specifically, Plaintiffs allege that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to report class members' hours on pay statements, thereby paying only a portion of their overtime hours such that they effectively received their regular rate of pay for overtime hours worked. *Id.* at ¶19. Plaintiffs allege class members routinely worked in excess of 40 hours per week, and Defendants did not pay accurate overtime compensation for the extra hours. *Id.* at ¶¶17–20. Plaintiffs now move under the FLSA for conditional certification and notice to a potential class of "opt-in" plaintiffs. *See* Mot. for Notice.

## II. STANDARD FOR OPT-IN CLASS ACTIONS UNDER THE FLSA

Section 16(b) of the FLSA allows an individual employee or group of employees to sue "any employer . . . for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Only those employees who have provided express written consent to join the suit may comprise a class under the FLSA.[2] This "opt-in" approach distinguishes FLSA class actions from those pursued under Federal Rule of Civil Procedure 23's "opt-out" method. *See* FED. R. CIV. P. 23; *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975).

---

[2]"No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).

Courts use one of two procedures to certify FLSA classes. The dominant approach employs a two-step process exemplified by the *Lusardi v. Xerox Corporation* litigation. 99 F.R.D. 89 (D.N.J. 1983) (conditional certification); 118 F.R.D. 351 (D.N.J. 1987) (decertification).[3] In the first step, "the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995). "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Id.* Generally, "courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan" as evidence sufficient to move beyond the first step. *Id.* at 1214 n.8 (quoting *Sperling v. Hoffman-LaRoche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)). "If the district court 'conditionally certifies' the class, putative class members are given notice and the opportunity to 'opt-in.'" *Id.* at 1214; *see also Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165 (1989) (holding that district courts may facilitate notice to potential plaintiffs).

The second step consists of a "decertification" analysis conducted after the close of discovery and upon motion by the defendant. Based on the evidence obtained during

---

[3] After the district court decertified the *Lusardi* opt-in class, the litigation continued in various forms for several years. *See, e.g.*, *Lusardi v. Lechner*, 855 F.2d 1062 (3d Cir. 1988), *vacated in part, modified in part, and remanded sub nom. Lusardi v. Xerox Corp.*, 122 F.R.D. 463 (D.N.J. 1988); *see also Lusardi v. Xerox Corp.*, 975 F.2d 964 (3d Cir. 1992).

discovery,[4] the Court "makes a factual determination on the similarly situated question."[5] *Mooney*, 54 F.3d at 1214. "If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives—*i.e.*, the original plaintiffs—proceed to trial on their individual claims." *Id.* Thus, "by its nature," the *Lusardi* approach "does not give recognizable form to an [FLSA] class, but lends itself to *ad hoc* analysis on a case-by-case basis." *Id.* at 1213 (alteration in original).

Under Fifth Circuit precedent, courts do not engage in the decertification process until after "discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question." *Mooney*, 54 F.3d at 1214. Thus, even when the parties have conducted partial or limited discovery before moving for conditional certification, courts do not skip the first step and apply the second step of the *Lusardi* approach. *See, e.g.*, *Kelly v. Healthcare Servs. Grp., Inc.*, 2014 WL 1760904, at *1 (E.D. Tex. 2014) ("The fact

---

[4]"The fact that some discovery has been conducted" prior to conditional certification "does not increase the plaintiffs' burden . . . to the more onerous standard that applies at the second, decertification stage." *McKnight v. D. Houston, Inc.*, 756 F. Supp.2d 794, 802–03 (S.D. Tex. 2010) (noting that the more rigorous second step review "is only appropriate 'after discovery is largely complete and the matter is ready for trial'" (quoting *Mooney*, 54 F.3d at 1214)).

[5]"*Lusardi* and its progeny are remarkable in that they do not set out a definition of 'similarly situated,' but rather they define the requirement by virtue of the factors considered in the 'similarly situated' analysis." *Mooney*, 54 F.3d at 1213 (citing various factors used in *Lusardi*, 118 F.R.D. at 359 (original decertification order), and *Lusardi*, 122 F.R.D. at 465–66 (decertification order on remand)).

ORDER – PAGE 4

that some discovery has been conducted does not increase the plaintiffs' burden at this first conditional certification stage to the more onerous standard that applies at the second, decertification stage.").

The second approach to FLSA class certification, exemplified by *Shushan v. University of Colorado*,[6] considers "the 'similarly situated' inquiry [under the FLSA] to be coextensive with Rule 23 class certification." *Mooney*, 54 F.3d at 1214. A court using the *Shushan* approach analyzes FLSA class certification through Rule 23 factors like "numerosity, commonality, typicality, and adequacy of representation." *Id.* (internal quotation marks omitted). "Under this methodology, the primary distinction between an [FLSA] representative action and a [Rule] 23 class action is that persons who do not elect to opt-in to the [FLSA] representative action are not bound by its results." *Id.*

The Fifth Circuit has expressly declined to endorse either approach. *Id.* at 1216. Like most courts, however, the Northern District of Texas adheres to the two-step *Lusardi* method. *See, e.g.*, *Oliver v. Aegis Commc'ns Grp., Inc.*, 2008 WL 7483891, at *3 (N.D. Tex. 2008) (Kinkeade, J.) (collecting cases). The Court sees no reason to deviate from that practice in this case.

### III. THE COURT CONDITIONALLY CERTIFIES THE OPT-IN CLASS

Plaintiffs ask the Court to conditionally certify a class consisting of "current and former employees of Defendants' restaurants who worked as food preparers, line cooks, bread and pastry makers, and dishwashers, at any time from October 16, 2013 until

---

[6]132 F.R.D. 263 (D. Colo. 1990).

November 18, 2016." *See* Mot. for Notice 2. The Court must thus determine at this stage whether, in the words of several courts, there exists "some identifiable facts or legal nexus [that] binds the claims so that hearing the cases together promotes judicial efficiency." *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 465 (S.D. Tex. 2012) (alteration in original) (quoting *Aguirre v. SBC Commc'ns, Inc.*, 2006 WL 964554, at *5 (S.D. Tex. 2006)). The Court finds such a nexus here. Thus, the Court reserves a similarly-situated determination until the second step.[7]

Plaintiffs claim Defendants subjected class members to a common wage policy that, among other things, resulted in systematic underpayment for overtime worked. Specifically, Plaintiffs allege that their pay statements regularly included only a portion of Plaintiffs' overtime hours. Plaintiffs have shown other aggrieved individuals exist, as one putative plaintiff has opted in already. Moreover, Plaintiffs allege approximately ten other similarly situated plaintiffs exists whom they believe will join the opt-in class.[8] *See* Mot. for Notice 4. And, because Plaintiffs seek conditional certification only for current and former

---

[7]Courts can ferret out putative FLSA class actions undeserving of conditional certification by comparing the scope of requested discovery and certification to the scope of the underlying policy giving rise to the suit. For example, a request to conditionally certify a statewide class based on a policy instituted by a manager at a single location likely would fail to meet the first step. But when, as here, a plaintiff brings a factually-supported FLSA action crafted in proportion to the policy's reach, courts reserve a more searching examination for the second step. *Accord H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999) (citing *Haynes v. Singer Co., Inc.*, 696 F.2d 884 (11th Cir. 1983)).

[8]*Cf. McKnight*, 756 F. Supp.2d at 801 ("At this stage, a plaintiff must make a minimal showing that: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit.") (collecting cases)).

employees with certain duties, whom the policies at issue affect, the Court finds their request reasonable in scope and conducive to judicial efficiency. The Defendants also do not oppose the motion for conditional certification.

Thus, the Court concludes that the Plaintiffs provided sufficient evidence to conditionally certify the class. Accordingly, the Court conditionally certifies a class consisting of the following individuals:

> Current and former employees of ELatinFood, LLC, d/b/a Zaguan World Bakery, ELatinFood, LLC, ELatinFood Cafe, LLC, and Carlos Branger who worked as food preparers, line cooks, bread and pastry makers, and dishwashers, at any time from October 16, 2013 to November 18, 2016, at any of the following restaurants:
>
> 1. Zaguan Latin Cafe and Bakery and/or Zaguan World Cafe and Bakery located at 2604 Oak Lawn Avenue, Dallas, Texas;
>
> 2. Zaguan Express Latin Cafe and Bakery located as 325 North St. Paul St., Ste. C1, Dallas, Texas 75201.
>
> See Mot. for Notice 4.

The Court orders Defendants to provide Plaintiffs with the name, last known address, telephone number, dates of employment, and the employment location, if known, for each individual falling within the conditionally certified class (the "Employee Information"). Defendants shall provide the Employee Information in an electronic format, and hard copy, within fourteen (14) days of the date of this Order. Plaintiffs shall use the Employee Information only to mail notice to potential opt-in plaintiffs.

The Court approves the notice letter and consent form included with Plaintiffs' motion. See App. to Mot. for Notice, Ex. A [14-1]. The Court authorizes Plaintiffs to mail, at their own cost, a copy of the notice letter and consent form, along with a self-addressed,

ORDER – PAGE 7

postage-paid return envelope, to each potential class member. Plaintiffs shall mail these materials within seven (7) days after Defendants turn over the Employee Information (the "Mailing Date"). Potential plaintiffs shall have ninety (90) days from the Mailing Date to file a consent form opting-in to this litigation (the "Opt-In Period"), unless the parties agree to permit late filings.

Plaintiffs' counsel shall date stamp the returned consent forms on the day they are received in counsel's office and retain any envelope or other evidence showing the date the consent forms were postmarked or fax-stamped. All consent forms postmarked or fax-stamped on or before the last day of the Opt-In Period will be considered timely. The Court will not accept consent forms postmarked or fax-stamped after the Opt-In Period expires.

Within fourteen (14) days after the last day of the Opt-In Period, Plaintiffs' counsel, on behalf of the opting-in plaintiffs, shall file the consent forms with the Court (the "Filing Date"), noting the received date for each individual. The Court tolls the statute of limitations for each opt-in class member through the Filing Date. The Court will accept late-filed consent forms only for good cause.

The Court also orders that the parties may conduct additional class certification discovery for ninety (90) days after the Filing Date. The Court further orders Defendants to file a motion for decertification within thirty (30) days after the close of class certification discovery, at which time the Court will apply the more stringent review required under *Lusardi*'s second-step analysis.

## CONCLUSION

The Court grants Plaintiffs' motion, conditionally certifies the proposed class, and authorizes notice to potential plaintiffs pursuant to the terms set forth above.

Signed December 21, 2016.

_____
David C. Godbey
United States District Judge